UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

INTERNATIONAL TRUCK AND ENGINE CORPORATION,

    Plaintiff,

v.

INTERNATIONAL TRUCK CENTER OF BOSTON, L.L.C.,

    Defendant.

CIVIL ACTION NO.: _____

04 CV 10875 JLT

MAGISTRATE JUDGE Alexander

## COMPLAINT

1. This is an action for a declaratory judgment and for breach of contract. International Truck and Engine Corporation ("ITEC") seeks a declaration that its Notice of Termination of International Truck Center of Boston ("ITCOB") as a dealer of International products and services was for "good cause" within the meaning of Mass. Gen. Laws ch. 93(B) ("Chapter 93B"). ITEC also seeks money damages and other relief for ITCOB's breach of its Dealer Sales/Maintenance Agreement with ITEC and for ITCOB's violations of Chapter 93(B).

### The Parties

2. ITEC is a Delaware corporation with its principal place of business in Warrenville, Illinois. ITEC was formerly known as Navistar International Transportation Corporation. ITEC manufactures and assembles trucks and distributes truck parts and accessories. ITEC operates through a network of independent dealers located throughout the United States, Canada and Mexico.

3. ITCOB is a Massachusetts limited liability company with its principal place of business at 340 Mystic Avenue, Medford, Massachusetts. ITCOB is an ITEC dealer.

**Jurisdiction and Venue**

4.  This Court has original jurisdiction in this action under 28 U.S.C. § 1332, as the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.  This Court has personal jurisdiction over ITCOB because ITCOB resides in this District.

6.  Venue is proper in this District under 28 U.S.C. § 1391, because ITCOB resides in this District and because a substantial part of the events or omissions giving rise to the causes of action alleged in this Complaint occurred in this District.

**Facts Common to All Claims**

7.  Effective April 16, 1996, ITEC and ITCOB entered into a Dealer Sales/Maintenance Agreement (the "Agreement") establishing ITCOB as an ITEC dealer. A copy of the Agreement is attached as Exhibit A. Pursuant to the Agreement, ITCOB's "primary area of responsibility" was in "the non-exclusive geographical area" assigned by ITEC and known as ITCOB's "Trade Area."

8.  ITCOB agreed, pursuant to Section 16(b)(1) of the Agreement, "to achieve a reasonable share of the market, for the goods and services covered by the Agreement, in the Trade Area served by" ITCOB's location. ITCOB also agreed, pursuant to paragraph 17 of the Agreement, "not to use" the word "International" as part of its firm, trading or corporate name without the prior written approval of ITEC and not to use the word International in any "forms, printed materials, business cards, signs and other advertising, and/or promotional materials, invoices, letterhead or services offered," without ITEC's approval.

9.  Since ITCOB became an ITEC dealer, its non-exclusive Trade Area has consisted of a geographical area in and around Boston. Though the exact geographical area constituting

ITCOB's non-exclusive Trade Area has changed from time to time, it has always been in and around Boston.

10. ITCOB has failed and refused to achieve a reasonable share of the market in its non-exclusive Trade Area. ITCOB's share of the market for medium duty trucks has been at or below 10.50% for nearly three years, its share of the market for heavy-duty trucks has been at or below 5% for nearly five years, it has not come close to making its Plan for medium duty trucks in over four years, and it has made its Plan for heavy-duty trucks only once in the past five years.

11. On October 31, 2002, ITEC sent ITCOB a Notice of Default pursuant to paragraph 27(c) of the Agreement and pursuant to Chapter 93(B). A copy of the Notice of Default is attached as Exhibit B. The Notice of Default informed ITCOB of its sales performance deficiencies, including ITCOB's failure to achieve a reasonable share of the market, as required by paragraph 16(b)(1), and included specific statements as to what ITCOB must achieve to cure the deficiencies. The Notice of Default also provided, pursuant to Chapter 93(B), that ITEC had the right to terminate ITCOB's dealership should ITCOB's sales performance deficiencies not be cured within 180 days.

12. At a time presently unknown to ITEC, ITCOB began using the words "International Truck" is its domain name on the World Wide Web. International had not approved ITCOB's use of these words and ITEC sent ITCOB a letter demanding that ITCOB cease and desist from using these words. A copy of this letter is attached as Exhibit C. ITCOB did not respond to ITEC's letter and ITCOB continues to use the words "International Truck" in its domain name.

13. ITEC sent ITCOB a Notice dated May 3, 2004, terminating ITCOB's Agreement on ninety days' notice. A copy of this Notice of Termination is attached as Exhibit D. The bases

3

for the termination were: (i) ITCOB's failure to cure the sales performance deficiencies identified by ITEC in its October 31, 2002 Notice of Breach; and (ii) ITCOB's continued use of the words "International Truck" in its domain name. ITEC also met and conferred with ITCOB prior to filing this lawsuit in an effort to resolve these issues, but no resolution was reached.

### COUNT I – DECLARATORY JUDGMENT

14. ITEC incorporates and realleges herein paragraphs 1 through 13.

15. By letter dated March 13, 2003, counsel for ITCOB wrote to ITEC and asserted that "[a]ny attempt to terminate ITCOB on the basis of ITEC's October 31, 2002 Notice of Breach will be without good cause and based on arbitrary standards in violation of the law and the terms of your agreement with ITCOB." A copy of this letter is attached as Exhibit E.

16. As a result of ITEC's Notice of Termination and ITCOB's response thereto, there is a present and actual controversy between ITEC and ITCOB over whether good cause exists for the termination and whether the termination is permitted by law and by the Agreement.

17. A declaratory judgment as to the parties rights and obligations under the law and the Agreement would conclude the controversy which has given rise to this action.

18. ITEC seeks a declaration that its Notice of Termination and ITCOB's response thereto, was issued for "good cause," within the meaning of Chapter 93(B), that good cause exists to terminate the Agreement, and that ITEC's Notice of Termination and termination of the Agreement shall not constitute a violation of any applicable law, including Chapter 93(B), or the Agreement.

### COUNT II – BREACH OF CONTRACT

19. ITEC incorporates and realleges herein paragraphs 1 through 18.

20. ITEC has fully and completely performed all of its obligations under the Agreement. ITCOB, however, has breached the Agreement by failing to meet the sales

performance requirements of paragraph 16(b) and by using the words "International Truck" in its domain name in violation of paragraph 17.

21. ITCOB's breaches of the Agreement have injured ITEC and caused it damages.

## COUNT III – VIOLATION OF CHAPTER 93(B)

22. ITEC incorporates and realleges herein paragraphs 1 through 21.

23. ITCOB's use of the words "International Truck" in its domain name is arbitrary, in bad faith, or unconscionable and has caused and is causing damage to ITEC or to the public, and violates Chapter 93(B), Section 4(a).

24. ITCOB's use of the words "International Truck" in its domain name is a false or misleading advertisement, and violates Chapter 93(B), Section 7.

25. ITEC has suffered loss of money or property as a result of ITCOB's violations of Chapter 93(B).

## PRAYER FOR RELIEF

WHEREFORE, ITEC requests that this Court:

A. Declare, decree and adjudge that ITEC's Notice of Termination was issued for "good cause," within the meaning of Mass. Ann. Laws, Ch. 93(B), that ITEC has good cause to terminate the Agreement, and that ITEC's Notice of Termination and termination of the Agreement shall not constitute a violation of any applicable law, including Chapter 93(B), or the Agreement;

B. Grant a preliminary and permanent injunction restraining, enjoining, and prohibiting ITCOB, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, from using in any manner as part of ITCOB's World Wide Web domain name the words "International Truck";

  C. Award ITEC the damages it has suffered in an amount to be proven, but exceeding $1,000,000;

  D. Award ITEC its costs of this action, including its attorneys' fees.

  E. Award ITEC such other and further relief as is appropriate.

          Respectfully submitted,

          THE PLAINTIFF,

          INTERNATIONAL TRUCK AND ENGINE CORPORATION

          By its attorneys,

          _____
          Kent D.B. Sinclair (BBO No. 639597)
          SEYFARTH SHAW LLP
          World Trade Center East
          Two Seaport Lane, Suite 300
          Boston, Massachusetts 02210
          (617) 946-4800

Dated: May 3, 2004

Of Counsel:

Michael R. Levinson
Louis S. Chronowski
SEYFARTH SHAW LLP
55 East Monroe Street
Suite 4200
Chicago, Illinois 60603
(312) 346-8000

BO1 15640749.1